| gJAMES, Judge Pro Tem.
Defendants, SouthMark Construction (SouthMark) and Louisiana Workers’ Compensation Corporation (LWCC), appeal the judgment of a workers’ compensation judge (WCJ)[3] finding that plaintiff, Jody Dean, was injured in the course and scope of his employment as a statutory employee of SouthMark.
FACTUAL AND PROCEDURAL BACKGROUND
On September 21, 1999, SouthMark entered into a subcontractor agreement with Bob Markle in which SouthMark was the general contractor and Markle was the subcontractor. SouthMark was in the business of constructing houses, and Mar-kle was hired to build the frames for several houses SouthMark was building. The subcontractor agreement provided that Markle would furnish all the labor, materials, tools, and equipment necessary to complete the job. According to South-Mark’s vice-president and accountant, Renee Wallace, Markle did not have workers’ *661 compensation insurance at that time. Therefore, each week SouthMark withheld from Markle’s paycheck the amount that it was required to pay to its workers’ compensation insurer for employing an uninsured framer.
In late October of 1999, Markle contacted plaintiff, Jody Dean, about coming to work for him on the SouthMark jobs. Dean advised Markle that he did not have transportation at that time, and according to Dean, Markle agreed to provide him with transportation to and from work each day. Dean testified that his hours were from 7:00 a.m. until 3:30 p.m. and that Markle agreed to pay him for those hours even if he was late picking him up for work in the morning.
pOn the morning of November 19, 1999, Markle was driving himself and Dean to one of the SouthMark work sites where they were going to finish up work that had almost been completed the day before. The two of them were going to finish building the form for the slab foundation, and Dean testified that they would need a maul or sledgehammer in order to drive the stobs (stakes) into the ground to form the boundary of the foundation. The rest of Markle’s crew and his tool trailer were at another job site, and Dean testified that he and Markle did not have a maul or sledgehammer either with them in the truck or at the job site to which they were heading.
When Markle entered the subdivision where the job site was located, he drove past the job site and proceeded to another job site about one-eighth of a mile away where Markle’s uncle, Marvin Graham, was in the process of building a home. This job site was not a SouthMark site. Dean testified that Markle did not tell him why they were stopping at Graham’s work site. However, he explained that Graham had a tool trailer on the site, and he believed Markle was going to borrow a maul from Graham.
When they arrived at Graham’s site, Markle exited the vehicle and began talking to some of the workers who were standing around a fire. After a few minutes, Dean got cold and got out of the truck to stand by the fire to warm himself. “While he was standing by the fire, he was struck in the head by a hammer thrown by a person working on the roof of the house. The hammer knocked Dean unconscious, and he sustained a fractured skull and had to be taken to the hospital.
Dean filed a disputed claim with the Office of Workers’ Compensation Administration against SouthMark and its workers’ compensation insurer, LWCC, on November 30, 1999, alleging he was 1¿entitled to benefits because he was in the course and scope of his employment as a statutory employee of SouthMark when he was injured. After a trial on the merits, the WCJ found in favor of Dean, and from this judgment defendants SouthMark and LWCC appeal.
LAW AND ANALYSIS
The only issue on appeal is whether Dean was in the course and scope of his employment as a statutory employee of SouthMark when he was struck in the head with the hammer on November 19, 1999. Under La. R.S. 23:1061(A)(1), a principal is considered to be the statutory employer of his contractor’s employee if that employee is performing work which is part of the principal’s “trade, business, or occupation.” The statute further provides that “work shall be considered part of the principal’s trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.” La. R.S. 23:1061(A)(1).
*662 Dean was not injured on the premises of the SouthMark construction site, and in fact, he was still on his way to the South-Mark site and had not yet arrived there when he was injured. However, the WCJ determined that Dean was in the course and scope of his employment for South-Mark at the time of the accident based on her finding that Dean was performing work which was an integral part of or essential to the ability of SouthMark to generate its goods, products, or services.
Either a maul or a sledgehammer was necessary in order to finish building the form for the slab foundation at the South-Mark work site, and the WCJ found that Markle had gone to Graham’s work site for the purpose of borrowing one. She concluded that stopping at another work site in order to borrow a tool was in furtherance of Dean’s employment for SouthMark so | Ras to make him SouthMark’s statutory employee for workers’ compensation purposes.
In workers’ compensation cases, the appropriate standard of review to be applied by the appellate court to the WCJ’s findings of fact is the “manifest error-clearly wrong” standard. Brown v. Coastal Construction & Engineering, Inc., 96-2705 (La.App. 1st Cir.11/7/97), 704 So.2d 8, 10, citing Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710. After thoroughly reviewing the entire record, we conclude that the finding of the WCJ was manifestly and legally erroneous. Although we feel sympathy for Jody Dean, he was not a statutory employee of SouthMark at the time of his accident because he was not performing work which was an integral part of or essential to the ability of SouthMark to generate its goods, products, or services. See La. R.S. 23:1061(A)(1).
The liability of a statutory employer is not as broad as that of a direct employer. Although Dean was in the company of his direct employer, Markle, at the time of his injury, he had not yet arrived at the SouthMark site and was not performing any work for SouthMark at the time. Dean alleges that Markle had agreed to provide him with transportation to and from work each day, but SouthMark was not a party to that agreement and was not responsible for providing Dean with transportation. SouthMark’s business was that of constructing homes, and the transportation of Dean to and from work was not an integral part of SouthMark’s business. See Dupre v. Exxon Pipeline Company, 93-1528 (La.App. 3d Cir.6/1/94), 638 So.2d 1118, 1120-1121, writ denied, 94-2200 (La.11/18/94), 646 So.2d 379. Borrowing a tool from another job site was also not an integral part of SouthMark’s business, especially considering the fact that Markle was required by contract to furnish all materials, tools, and equipment necessary |fito complete the job. Accordingly, South-Mark cannot be deemed the statutory employer of Dean for workers’ compensation purposes for this injury, which occurred before Dean arrived at the SouthMark construction site and before he even began performing any work for SouthMark that day.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the WCJ finding that plaintiff, Jody Dean, was injured in the course and scope of his employment as a statutory employee of defendant, South-Mark Construction. Costs of the trial and appeal are assessed to Jody Dean.
REVERSED.

.La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers' compensation district from which the appeal was taken and the name of the WCJ who rendered the judgment. The WCJ was Honorable Pamela A. Moses-Lara-more of the Office of Workers’ Compensation Administration, District 5.